IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MAME THIERNO DIOP** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO.  25-6946 |
| | : | |
| **J.L. JAMISON, MICHAEL T. ROSE,** | : | |
| **KRISTI NOEM, U.S. DEPARTMENT** | : | |
| **OF HOMELAND SECURITY,** | : | |
| **PAMELA BONDI, EXECUTIVE** | : | |
| **OFFICE FOR IMMIGRATION** | : | |
| **REVIEW** | : | |

# ORDER

**AND NOW**, this 5th day of January, 2026, upon consideration of petitioner Mame Thierno Diop's petition for a writ of habeas corpus under 28 U.S.C. § 2241 (DI 1), and the government's response (DI 6), it is **ORDERED** that Mr. Diop's petition is **GRANTED** for the reasons that follow:

1. Mr. Diop is a Senegalese citizen and asylum seeker who has lived in Philadelphia for two years after fleeing violent persecution in Senegal.[1] DI 1 at 1-2.  He entered the United States on November 12, 2023, surrendered himself to immigration authorities, and was released on his own recognizance on the same day.  *Id.* at 2.  Mr. Diop was served a notice to appear at Philadelphia Immigration Court on January 20, 2027.  *Id.*

2. Mr. Diop lived continuously with family members in Philadelphia until he was detained by Immigration and Customs Enforcement (ICE).  *Id.*  He obtained work authorization and was subsequently arrested for a non-violent misdemeanor charge resulting in his admission to a diversionary program which, if successfully completed, would lead to the dismissal of his

---

[1] The government does not dispute the "facts or characterizations" of Mr. Diop's petition other than any claim Mr. Diop has been "admitted" to the United States.  DI 6 at 2.

charges. *Id.* at 3. On December 9, 2025, Mr. Diop was arrested while attending a status hearing for his diversionary program at the Criminal Justice Center in Philadelphia. *Id.* He is currently detained at the Federal Detention Center in Philadelphia without a bond hearing pending his immigration court proceedings. *Id.*

3. Section 1226 of the Immigration and Nationality Act (INA), titled "Apprehension and detention of aliens," applies to aliens already in the United States and gives the Attorney General discretion to detain an alien or release them on bond pending a decision on the alien's removal. 8 U.S.C. § 1226(a); *see Nielsen v. Preap*, 586 U.S. 392, 397 (2019). If detained, the alien may request a bond hearing before an immigration judge and may be released if he can show he is not a flight risk and does not pose a danger to the community. 8 C.F.R. § 1236.1(c)(8), (d)(1); *Nielsen*, 586 U.S. at 398.

4. By contrast, Section 1225 of the INA, "Inspection of aliens," provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. 1225(b)(2). Detention under Section 1225(b)(2) is mandatory and a detainee may only be released "for urgent humanitarian reasons or significant public benefit." *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018).

5. On September 15, 2025, the Board of Immigration Appeals issued a decision in *Matter of Yajure Hurtado* 29 I. & N. Dec. 216 (BIA Sept. 5, 2025). Under the BIA's *Hurtado* decision, BIA concluded that resident aliens are subject to detention under 8 U.S.C. § 1225(b)(2)(A), not 8 U.S.C. § 1226(a), which would render aliens present in the United States

ineligible to be released on bond. *Id.* The government argues that in light of the *Hurtado* decision, Mr. Diop is not entitled to a bond hearing. DI 6 at 17-18. We cannot agree.

6. As the government acknowledges, the "vast majority" of courts confronted with this issue "have rejected the government's position," including all 50 decisions from judges in this district to date. *Id.* at 1 & n.1.[2] We adopt the reasoning of judges of this district for the wholly persuasive reasons stated therein. See, e.g., *Patel v. McShane*, No. 25-cv-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025) (Brody, J.); *Ndiaye v. Jamison*, No. 25-cv-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025) (Sánchez, J.); *Demirel v. Fed. Det. Ctr. Philadelphia*, No. 25-cv-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (Diamond, J.); *Kashranov v. Jamison*, No. 25-cv-5555, 2025 WL 3188399, at *4-7 (E.D. Pa. Nov. 14, 2025) (Wolson, J.); *Cantu-Cortes v. O'Neill, et al.*, No. 25-cv-6338, 2025 WL 31716392 (E.D. Pa. Nov. 13, 2025) (Kenney, J.); *Centeno Ibarra v. Warden of the Federal Detention Center*, et al., No. 25-cv-6312, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025) (Rufe, J.); *Buele Morocho v. Jamison*, et al., No. 25-cv-5930, 2025 WL 3296300 (E.D. Pa. Nov. 26, 2025) (Gallagher, J.); *Diallo v. O'Neill, et al*, No 25-cv6358, 2025 WL 3298003 (E.D. Pa. Nov. 26, 2025) (Savage, J.); *Espinal Rosa v. O'Neill, et al.*, No. 25-cv6376, 2025 WL 3708900 (E.D. Pa. Nov. 25, 2025) (Weilheimer, J.); *Wu v. Jamison, et al.*, No. 25-cv-6469 (E.D. Pa. Dec. 1, 2025) (Gallagher, J.); *Flores Obando v. Bondi*, No. 25-cv-6474, 2025 WL 3452047 (E.D. Pa. Dec. 1, 2025) (Brody, J.); *Valdivia Martinez v. FDC*, No. 25-cv-6568 (E.D. Pa. Dec. 1, 2025) (Savage, J.); *Soumare v. Jamison*, No. 25-cv-6490, 2025 WL 3461542 (E.D. Pa. Dec. 2, 2025) (Henry, J.); *Yilmaz v. Warden, FDC*, No. 25-cv-6572, 2025 WL

---

[2] As of November 18, 2025, 282 of 288 district court decision addressing this issue had rejected the position the government advances here. *Demirel v. Fed. Det. Ctr. Philadelphia*, 2025 WL 3218243 at *1 (E.D. Pa. Nov. 18, 2025) (Diamond, J.) (compiling cases) (citations omitted).

3459484 (E.D. Pa. Dec. 2, 2025) (Rufe, J.); *Nogueira-Mendes v. McShane*, No. 25-cv-5810, 2025 WL 3473364 (E.D. Pa. Dec. 3, 2025) (Slomsky, J.); *Juarez Velazquez v. O'Neill, et al.*, No. 25-cv-6191, 2025 WL 3473363 (E.D. Pa. Dec. 3, 2025) (Henry, J.); *Perez-Suspes v. Rose, et al.*, No. 25-cv-6608, 2025 WL 3492820 (E.D. Pa. Dec. 5, 2025) (Brody, J.); *Delgado Villegas v. Bondi, et al.*, No. 25-cv-6143 (E.D. Pa. Dec 4, 2025) (Diamond, J.); *Hidalgo et al. v. O'Neill, et al.*, No. 25-cv-6775 (E.D. Pa. Dec. 5, 2025) (Diamond, J.); *Conde v. Jamison, et al.* No. 25-cv-6551, 2025 WL 3499256 (E.D. Pa. Dec. 5, 2025) (Brody, J.); *Rodrigues Pereira v. O'Neill, et al.*, No. 25-cv-6543, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025) (Marston, J.); *Bhatia v. O'Neill, et al.*, No. 25-cv-6809, 2025 WL 3530075 (E.D. Pa. Dec. 8, 2025) (Rufe, J.); *Anirudh v. McShane, et al.*, No. 25-cv-6458, 2025 WL 3527528 (E.D. Pa. Dec. 8, 2025) (Bartle, J.); *Acosta-Cibrian*, No. 25-cv-6650 (E.D. Pa. Dec. 9, 2025) (Gallagher, J.); *Picon v. O'Neill, et al.*, No. 25-6731, 2025 WL 3634212 (E.D. Pa. Dec. 15, 2025) (Perez, J).[3]

7.  On December 15, 2025, we ordered the government to respond to Mr. Diop's petition and, in light of the growing body of case law from this district, "explain why those other decisions are unpersuasive or highlight any significant factual distinctions." DI 3. The government doubles down on its position and concedes that "there is no significant factual distinction present." DI 6 at 2 n.2.

8.  Accordingly, if Mr. Diop is subject to detention at all, it is under 8 U.S.C. § 1226(a). The Government shall **RELEASE** Mr. Diop from custody immediately and certify compliance with this Order by filing on the docket no later than 5:00 p.m. ET on Tuesday,

---

[3] Since December 15, 2025 there have been twenty-three additional adverse decisions and there are approximately 25 pending habeas petitions regarding this same issue. DI 6 at 2 n.1.

January 6, 2025;

      9.      The Government is temporarily enjoined from re-detaining Mr. Diop for seven days following his release from custody;

      10.      If the Government chooses to pursue re-detention of Mr. Diop after that seven-day period, it must first provide him with a bond hearing, at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings; and

      11.      Pending the ordered bond hearing, the government cannot remove, transfer, or otherwise facilitate the removal of Mr. Diop from the Eastern District of Pennsylvania before the ordered bond hearing. If an immigration judge determines that Mr. Diop is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission from the court to move Mr. Diop if unforeseen or emergency circumstances arise that require him to be removed from the District. Any such request must include an explanation for the request as well as a proposed destination. We will then determine whether to grant the request and permit transfer of Mr. Diop.

_____
MURPHY, J.